UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEFFON BEST,

          Plaintiff,

    -against-

POLICE OFFICER CRUZ, et al.,

          Defendants.

------------------------------------------------------------------------ x

**ANSWER**

17 CV 4298 (RJD)(RML)

**JURY TRIAL DEMANDED**

   Defendant Police Officer Andy Cruz, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows.

   AS TO "NATURE OF ACTION"

   1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

   AS TO "JURISDICTION AND VENUE"

   2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

   3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke jurisdiction as stated therein.

   4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to lay venue as stated therein.

   AS TO "JURY DEMAND"

5. Paragraph "5" of the complaint is a demand for a jury trial, which requires no response.

AS TO "PARTIES"

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint except admit that the City of New York is a municipal corporation and that it maintains a Police Department consistent with all applicable rules and laws, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

8. Denies the allegations set forth in paragraph "8" of the complaint except admits only that, on or about May 18, 2017, Police Officer Andy Crane was employed by the City of New York as a police officer, and that plaintiff purports to proceed as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint as it pertains to unidentified defendants except admits that plaintiff purports to sue John and Jane Does 1 through 10 as set forth therein.

11. Paragraph "11" of the complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

AS TO "STATEMENT OF FACTS"

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Admits the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

AS TO "FIRST CLAIM"

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

AS TO "SECOND CLAIM"

- 4 -

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

AS TO "THIRD CLAIM"

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

AS TO "FOURTH CLAIM"

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

AS TO "PRAYER FOR RELIEF"

39. Paragraph "39" of the complaint, and its subparts, do not contain allegations of fact, and accordingly requires no response.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

40. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

41. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

42. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

43. Defendant Cruz has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

44. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

45. There was probable cause for Plaintiff's arrest and detention.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

46. Plaintiffs may have failed to mitigate damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

47. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such

damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

48. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

49. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

50. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

51. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

52. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

53. Plaintiff provoked any incident.

- 7 -

Dated:		New York, New York
		October 17, 2017

		ZACHARY W. CARTER
		Corporation Counsel   of the
		  City of New York
		Attorney for Defendant
		100 Church Street
		New York, New York 10007
		(212) 356-2424

		By:		/s/
			Melissa Wachs
			Senior Counsel

cc:  Baree N. Fett (Via ECF)
     *Attorney for Plaintiff*