

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**MELISSA WACHS**
*Senior Counsel*
E-mail:mwachs@law.nyc.gov
Phone: (212) 356-2424
Fax: (212) 356-3509

November 20, 2017

**BY ECF**
Honorable Judge Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Steffon Best v. Police Officer Andy Cruz, et al.,</u>
17 CV 4928 (RJD)(RML)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent Police Officer Andy Cruz in the above-referenced matter, in which plaintiff alleges, *inter alia*, that he was falsely arrested. The undersigned writes in opposition to plaintiff's November 14, 2017 motion for reconsideration of the discovery protocol procedure.

Briefly, by way of background, this matter concerns an arrest which led to a detention of 22 hours, after which the District Attorney declined to prosecute the case. At the initial conference plaintiff's counsel, evidently anticipating requesting extensive disciplinary-related discovery in order to prosecute this discrete matter, requested that a discovery protocol be set. The protocol was split into three phrases, and it is the third phase to which plaintiff requests changes be made.

Your Honor ordered that after closing reports are submitted to plaintiff's counsel (second phase), plaintiff's counsel could choose which of the full files she believes warrant further review. Those selected files would then be made available to counsel for inspection at the undersigned's office. The protocol explicitly stated that counsel would not be permitted to take notes while reviewing those unredacted files. Once counsel reviewed the files, she could then designate pages for copying and production, after personal information was redacted from them.

The modification plaintiff's counsel seeks is, rather than paper inspection at the undersigned's office, electronic production to her office. This, she argues, is for two reasons: that there are environmental concerns and that she wants to take notes on the unredacted files. Neither argument is sufficient for modification of the discovery protocol. As to plaintiff's counsel's environmental concerns, IAB files are largely produced in hard copy form to the undersigned. CCRB files are electronic. Happily, however, thanks to the City's Zero Waste initiative, all paper products are recycled. The undersigned will gladly personally ensure that no documents created in connection with this case are just heedlessly "discarded."

As to plaintiff's counsel's note-taking concerns, seeking an alteration of the protocol to allow for note-taking fundamentally changes the tenor of the production. Counsel argues that it is "impractical and inefficient" to view documents without taking notes, with no support for why that would be the case. Defendant notes that, for counsel's ease, post-its[1] will be supplied for her to tab the pages she wishes produced and, as such, there is no need for note-taking on unredacted files to be performed.

The discovery protocol, as established, was created as a winnowing process. Rather than blankly turning over thousands of pages to plaintiff's counsel, which is not proportional to the needs of this case given the amount in controversy, the three levels are meant to encourage plaintiff's counsel to narrow in on the files that could potentially be relevant to the issues underlying her case. At each phase, it gives plaintiff's counsel an opportunity to be discerning in what she ultimately requests. This is especially clear in the wording of the third phase, in which it is contemplated that counsel would ultimately select *pages* that she wants produced. However, the phrasing of plaintiff's counsel's letter does not appear as though she intends to take advantage of the opportunity to streamline her case effectively- she argues that redacting personal information on all the pages she would review would have to happen anyway, and therefore is not an additional burden on the undersigned. This heavily implies that counsel intends to request production of every page she views.

Plaintiff's counsel argues that, should the volume of materials be large, then it follows that inspection of them in a location other than her own office would be onerous. It is not clear how this is the case- if counsel believes that the disciplinary files are necessary for her even to assign a valuation to the case, then traveling .4 miles to inspect them should be a task easily accomplished. Volume of documents does not dictate viewing location. Should counsel request every single closing report, then request to inspect every single file, and then requests every full file be produced then, yes, she will have increased the overall volume of the disciplinary discovery for this 22 hour detention claim.  However, where a party has offered to permit an in-person inspection, "…unless and until such an inspection is undertaken…and is shown to be unduly burdensome or otherwise inefficient..." an offer to permit an inspection comports with discovery requests.  See Sky Med. Supply Inc. v. SCS Support Claim Servs., 2016 U.S. Dist. LEXIS 121215 at *16 (EDNY) (JFB) (AKT).

---

[1] The post-its will be recycled.

Accordingly, defendant opposes plaintiff's motion for reconsideration and respectfully requests that the discovery protocol as established be permitted to proceed. Thank you for your consideration herein.

                                            Respectfully submitted,

                                            /s/

                                            Melissa Wachs
                                            Senior Counsel
                                            Special Federal Litigation Division

cc:

       Baree N. Fett, Esq. (By ECF)
       *Attorney for Plaintiff*