

GABRIEL P. HARVIS
BAREE N. FETT

November 21, 2017

BY ECF & HAND

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

  Re: *Best v. Cruz, et al.*, 17 CV 4298 (RJD) (RML)

Your Honor:

  I represent plaintiff Steffon Best in the above-referenced civil rights action. I write pursuant to § III(A) of the Court's Individual Motion Practices to respectfully request a pre-motion conference regarding plaintiff's contemplated motion for partial summary judgment on his evidence fabrication claim.

  By way of background, this § 1983 action challenges plaintiff's arrest on felony gun possession charges on May 18, 2017. Mr. Best alleges that NYPD officers approached and handcuffed him on a Brooklyn sidewalk although he had done nothing illegal. *See* Complaint (DE #1) at ¶¶ 12-14. The officers' account – admissible under Fed. R. Evid. 801(d)(2) – is contained in the Kings County District Attorney's Declined Prosecution Memorandum related to plaintiff's arrest, annexed hereto as Exhibit 1 ("DP Memo"). According to the DP Memo, the officers observed Mr. Best open the trunk of an automobile, remove a book bag that did not contain a firearm and hand it to another individual, non-criminal conduct. *Id.*

  After arresting plaintiff at approximately 5:30 p.m., it is undisputed that officers took Mr. Best to the PSA 3 Precinct and then, for "debriefing," to the 90th Precinct at approximately 11:00 p.m. that evening. *See* Memo Book of Andy Cruz, annexed hereto as Exhibit 2; Complaint at ¶¶ 15-18. With plaintiff confined to a cell, it is undisputed that defendant Cruz prepared an arrest report containing false information, annexed hereto as Exhibit 3, and faxed it to the Kings County District Attorney's office at approximately 1:45 a.m. *See* Memo Book (Exhibit 2); OLPA, annexed hereto as Exhibit 4. The arrest report falsely states that Mr. Best was in possession of a loaded firearm and

Hon. Raymond J. Dearie
Nov. 21, 2017

falsely describes the circumstances of the arrest. *Compare* Arrest Report (Exhibit 3) *with* DP Memo (Exhibit 1). After the arrest report was sent to prosecutors, Mr. Best was transported to Brooklyn Central Booking for arraignment on the loaded firearm charges, confined to a cell and deprived of his liberty for over fourteen hours. Prosecution was later declined for insufficient evidence and plaintiff was released. *See* OLPA (Exhibit 4) (reflecting plaintiff's release at 4:00 p.m. on May 19, 2017); DP Memo (Exhibit 1) (setting forth basis for declined prosecution).

As this Court recently recognized in *Gadsden v. City of New York*, "[w]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." 14 CV 6687 (RJD) (RER), 2017 WL 5178439, *4 (E.D.N.Y. Sept. 15, 2017) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) and *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277 (2d Cir. 2016)); *see Lopez v. City of New York*, 105 F. Supp. 3d 242, 246-47 (E.D.N.Y. 2015) (citation omitted). "A denial of fair trial claim covers kinds of police misconduct not addressed by false arrest or malicious prosecution, and, importantly, probable cause is not a defense to such claims." *Gadsden*, 2017 WL 5178439 at *4 (quoting *Garnett*, 124 F.3d at 278) (quotation marks omitted).

Neither an arraignment nor a criminal trial is required to sustain an evidence fabrication claim. *See Dowling v. City of New York*, 11 CV 4954 (NGG), 2013 WL 5502867, *6 (E.D.N.Y. Sept. 30, 2013) (citing *Keller v. Sobolewski*, 10 CV 5198 (FB), 2012 WL 4863228, *4 (E.D.N.Y. Oct. 12, 2012)). Rather, "[t]he limiting factor appears to be not whether the plaintiff went to trial but whether the falsification caused material harm." *Schiller v. City of New York* (multiple numbers) 2008 WL 200021, *10 (S.D.N.Y. Jan. 23, 2008). Here, the harm caused to plaintiff, spending over fourteen hours confined to a cell, is constitutionally material. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975) ("The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention....") (citations omitted).

In a recent decision denying summary judgment to defendants on a fair trial claim in the Southern District of New York, the Hon. Colleen McMahon explained:

> While cases in this Circuit are inconsistent over whether [a fair trial] claim arises under the Sixth Amendment right to a fair and speedy trial, or under the due process clauses of the Fifth and Fourteenth Amendments, *see Morse v. Spitzer*, No.

Hon. Raymond J. Dearie
Nov. 21, 2017

> 07–cv–4793, 2013 WL 359326, at *3 (E.D.N.Y. Jan. 29, 2013) (citing cases), it is settled law that a plaintiff may bring a viable Section 1983 claim for damages based on fabrication of evidence where an officer's post-arrest fabrication of evidence results in a restraint on the plaintiff's liberty, *Zahrey [v. Coffey]*, 221 F.3d [342, 350 (2d Cir. 2000)].
>
> The Second Circuit reached the same result "when the fabricated information at issue is the officer's own account of his or her observations of alleged criminal activity which he or she conveys to prosecutors." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 268 (2016).

*Harris v. City of New York*, 222 F.Supp.3d 341, 351 (S.D.N.Y. 2016).

    Here, as in *Garnett* and *Harris*, the fabricated information is the officer's own account of his observations of alleged criminal activity which he conveyed to prosecutors in the form of the arrest report. That same false information was the *sine qua non* of plaintiff's confinement during the period 1:45 a.m. to 4:00 p.m. on May 19, 2017, and therefore satisfies the claim's proximate cause requirement. Furthermore, the fabrications contained in the arrest report are material, as a jury considering whether a criminal defendant possessed a loaded firearm would likely be influenced by a police officer's statements that he had directly observed the possession. Thus, this record supports the granting of summary judgment to plaintiff on his § 1983 evidence fabrication claim.

    Accordingly, plaintiff respectfully requests a pre-motion conference to address his contemplated motion for partial summary judgment.

    Thank you for your consideration of this request.

Respectfully submitted,

Baree N. Fett

Encl.

cc:    Melissa Wachs, Esq.