

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZACHARY W. CARTER
*Corporation Counsel*

MELISSA WACHS
*Senior Counsel*
E-mail:mwachs@law.nyc.gov
Phone: (212) 356-2424
Fax: (212) 356-3509

December 4, 2017

**BY ECF and First Class Mail**
Honorable Judge Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Steffon Best  v. Police Officer Andy Cruz, et al.,</u>
             17 CV 4928 (RJD)(RML)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent Police Officer Andy Cruz in the above-referenced matter, in which plaintiff alleges, *inter alia*, that he was falsely arrested. Defendant writes in opposition to plaintiff's pre-motion conference letter of November 21, 2017, in which he seeks leave to file a motion for partial summary judgment pursuant to Fed R. Civ. P. 56.

      As an initial matter, defendant asserts that seeking partial summary judgment at this phase is inefficient and premature. Plaintiff brings four claims: unlawful stop and search, false arrest, failure to intervene, and denial of right to fair trial. Plaintiff is only moving on the last claim. Discovery opened on November 1, 2017, and is set to close on March 15, 2017. Plaintiff moved for permission to write this motion on the twenty-first day of discovery, before any depositions have taken place and before paper discovery beyond Initial Disclosures has been produced. As discovery is in its infancy, it is clear that more information relating to this claim will be uncovered during discovery.

      Additionally, if permission to make this motion at this time were granted, defendant would be prejudiced as it attempted to respond to the motion. Discovery would likely proceed during the briefing period. Assuming there would likely be no ruling on the motion until discovery has closed (because plaintiff has requested a shortened discovery period), there will be discovery on all claims. Moving for partial summary judgment does not narrow the scope of

discovery, and will likely result in double the motion practice because defendant will likely move for summary judgment at the end of discovery.

More importantly, the facts are not as undisputed as plaintiff asserts in his letter. Plaintiff is incorrect that the arrest report does not accurately relay the facts of the arrest. (Plaintiff's Exhibit 3) Plaintiff argues that the charges and the details in the arrest report are false. With respect to the details section, while inartfully expressed, no facts contained therein are inaccurate, though the first sentence is lacking commas around the phrase "through CI information." The officer was not stating that he saw plaintiff hold a firearm but that, according to a Confidential Informant ("CI"), the bag the plaintiff took from the car had a firearm in it. Crucially, the details section states that no firearm was recovered. Additionally, the Decline to Prosecute form (Plaintiff's Exhibit 1) contains the same information as the arrest report- that there was no firearm recovered. The officer relayed the information to the District Attorney and the District Attorney made the decision not to prosecute on the basis of the officer's truthful statement.

In plaintiff's letter, he fails to state- though the Decline to Prosecute form does- that the book bag he passed to the second man arrested contained a bulletproof vest. Plaintiff's arrest report notes that he has a previous conviction for criminal possession of a weapon in the third degree, a felony. Pursuant to 18 U.S. Code §931(a), it is illegal for a person to possess body amour- including a bullet proof vest if they have a previous conviction for a felony that is a "crime of violence."[1]  Accordingly, plaintiff could have been charged federally for his possession of the bullet proof vest, and the proximate cause of his detention is therefore unrelated to the alleged false information contained in the arrest report. <u>Devenpeck v. Alford</u>, 543 U.S. 146, 153 (2004). At this phase, as plaintiff would be the moving party, the Court would have to view the facts in the light most favorable to the defendant, and the defendant's position is that plaintiff removed the book bag containing the bullet proof vest from the trunk of the vehicle, after a CI told the police that there was a firearm in the bag.

Accordingly, defendant respectfully requests the Court direct plaintiff to file all contemplated motions at the end of discovery, when the issues are ripe.

Thank you for your consideration herein.

Respectfully submitted,
/s/

Melissa Wachs
Senior Counsel
Special Federal Litigation Division

---

[1] Even if the officer later found that this felony does not fit under the penumbra of a crime of violence, defendant would seek qualified immunity on this issue as the conviction offense concerns a weapon and it is therefore reasonable to believe it is an offense which involved substantial risk that physical violence may occur. Additionally, should this information be determined to be incorrect, the officer reasonably relied on it at the time.

cc:

    Baree N. Fett, Esq. (By ECF)
    *Attorney for Plaintiff*